FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL - 3 1997

JAMES W. McCORMACK, CLERK
By: _____
                    DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAULA CORBIN JONES,

    Plaintiff,

v.

WILLIAM JEFFERSON CLINTON

    and

DANNY FERGUSON,

    Defendants.

CIVIL ACTION
NO. LR-C-94-290

Judge Susan Webber Wright

## ANSWER OF PRESIDENT WILLIAM JEFFERSON CLINTON

President William Jefferson Clinton, through his undersigned attorneys, answers the Complaint in the above-captioned matter as follows:

### GENERAL DENIAL

The President adamantly denies the false allegations advanced in the Complaint. Specifically, at no time did the President make sexual advances toward the plaintiff, or otherwise act improperly in her presence. At no time did the President conspire to or sexually harass the plaintiff. At no time did the President deprive plaintiff of her constitutional rights. At no time did the President act in a manner intended to, or which could, inflict emotional distress upon the plaintiff. At no time did the President act in a manner intended to or which could defame the plaintiff.

Plaintiff has suffered no damages which properly may be attributed to President Clinton. As Governor of Arkansas, Mr.

50

Clinton never took any action or made any request of any state employee to interfere with or otherwise detract from plaintiff's advancement, promotion or job responsibilities.

Plaintiff's allegations against the President first were announced at a political event sponsored by vigorous opponents of the President while plaintiff was seated next to an attorney with whom she had agreed to share the proceeds from any resultant book or film deal.  Thus, plaintiff thrust herself into the public limelight by bringing to the attention of the world that she believed she was the **"Paula"** referred to in the <u>American Spectator</u> article, which did not identify her by last name, and by joining with long-time political opponents of the President who sought to discredit him and his Presidency.  This, we believe, was done to maximize plaintiff's potential to derive economic benefit and simultaneously to harm the President politically. In responding to the plaintiff's public charges and defending himself against these unfounded allegations, the President, through his agents, did not defame plaintiff.

## SPECIFIC DENIALS

### JURISDICTION

1.  Paragraph 1 of the Complaint states legal conclusions as to which no response is required_

### VENUE

2.  Paragraph 2 of the Complaint states legal conclusions as to which no response is required.

### THE PARTIES

3.  President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies the same.

4.  President Clinton admits he is a resident of Arkansas.

5.  President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and therefore denies the same.

### FACTS

6.  President Clinton admits that the Governor of Arkansas serves in the executive branch. Based on information and belief, he also admits that at some point in time plaintiff was an employee of the Arkansas Industrial Development Commission. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6, and therefore denies the same.

7.  Admitted.

8. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and therefore denies the same.

9. Based on information and belief, "President Clinton admits that Danny Ferguson was a state trooper assigned to the Governor's security detail on or about May 8, 1991. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9, and therefore denies the same.

10. President Clinton denies the allegations set forth in paragraph 10 to the extent they purport to allege that he requested to meet plaintiff in a suite at the Excelsior Hotel. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, and therefore denies the same.

11. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the same.

**12.** President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph **12,** and therefore denies the same.

13. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies the same.

14. President Clinton does not recall ever meeting plaintiff, and therefore denies each and every allegation set forth in paragraph 14.

15. While it was the usual practice to have a business suite available for the purpose of making calls and receiving visitors, President Clinton has no recollection of meeting plaintiff, and therefore denies each and every allegation set forth in paragraph 15.

16. President Clinton does not recall ever meeting plaintiff, and therefore denies each and every allegation set forth in paragraph 16.

17. President Clinton denies each and every allegation set forth in paragraph 17, except he admits that on or about May 8, 1991, David Harrington was Director of the Arkansas Industrial Development Commission.

18. President Clinton denies each and every allegation set forth in paragraph 18.

19. President Clinton denies each and every allegation set forth in paragraph 19.

20. President Clinton denies each and every allegation set forth in paragraph 20.

21. President Clinton denies each and every allegation set forth in paragraph 21.

22. President Clinton denies each and every allegation set forth in paragraph 22.

23. President Clinton denies each and every allegation set forth in paragraph 23.

24. President Clinton denies each and every allegation set forth in paragraph 24.

25. President Clinton denies each and every allegation set forth in paragraph 25.

26. President Clinton denies each and every allegation set forth in paragraph 26.

27. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore denies the same.

28. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28, and therefore denies the same.

29. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore denies the same.

30. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He also denies making the statement attributed to him in paragraph 30. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30, and therefore denies the same.

31. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31, and therefore denies the same.

32. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32, and therefore denies the same.

33. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33, and therefore denies the same.

34. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 and therefore denies the same.

35. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35, and therefore denies the same.

36. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and therefore denies the same.

37. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore denies the same.

38. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. President Clinton does not recall ever meeting plaintiff, and therefore denies each and every allegation set forth in paragraph 38.

39. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39, and therefore denies the same.

40. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40, and therefore denies the same.

41. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41, and therefore denies the same.

42. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. To the extent the allegations set forth in paragraph 42 merely refer to or quote from the article in the <u>American Spectator,</u> attached as exhibit A to the Complaint, no response is required.

43. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. To the extent the allegations set forth in paragraph 43 merely refer to or quote from the article in the <u>American Spectator,</u> attached as exhibit A to the Complaint, no response is required.

44. President Clinton denies each and every allegation set forth in paragraph 44.

45. President Clinton denies that he engaged in any improper conduct with respect to plaintiff. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45, and therefore denies the same.

46. President Clinton denies that he made sexual advances toward plaintiff. He also denies the quote attributed to him in paragraph 46. President Clinton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46, and therefore denies the same.

47. President Clinton denies each and every allegation in paragraph 47, except that he admits that a false article was published in the American Spectator, that plaintiff spoke publicly on February **11, 1994,** and that representatives of plaintiff asked the President to acknowledge certain things which were untrue.

48. Based on information and belief, President Clinton admits that he and those acting on his behalf have denied

plaintiff's allegations. Each and every other allegation set forth in paragraph 48 is denied.

49. Based on information and belief, President Clinton admits that his legal counsel made the statements set forth in paragraph 49. Each and every other allegation set forth in paragraph 49 is denied.

50. Based on information and belief, President Clinton admits that White House spokeswoman Dee Dee Meyers made the statement set forth in paragraph 50. Each and every other allegation set forth in paragraph 50 is denied. To the extent paragraph 50 states legal conclusions, no response is required.

51. President Clinton denies each and every allegation set forth in paragraph 51.

52. President Clinton admits that the general public reposes trust and confidence in the integrity of the holder of the office of the Presidency. Each and every other allegation set forth in paragraph 52 is denied.

53. President Clinton denies each and every allegation set forth in paragraph 53, except that he admits he was a member of the Arkansas State Bar on or about May 8, 1991. To the extent paragraph 53 states legal conclusions, no response is required.

54. President Clinton denies each and every allegation set forth in paragraph 54. To the extent paragraph 54 states legal conclusions, no response is required.

55. President Clinton denies each and every allegation set forth in paragraph 55. To the extent paragraph 55 states legal conclusions, no response is required.

56. President Clinton denies each and every allegation set forth in paragraph 56. To the extent paragraph 56 states legal conclusions, no response is required.

57. President Clinton denies each and every allegation set forth in paragraph 57.

### Count I:  Deprivation of Constitutional Rights and Privileses (42 U.S.C. § 1983)

58. President Clinton repeats and realleges his answers to the allegations appearing in paragraphs 1-57 as if fully set forth herein. President Clinton denies that he engaged in any improper conduct or deprived plaintiff of any constitutional right or privilege protected under 42 U.S.C. § 1983, and therefore denies each and every allegation set forth in paragraphs 58, 59, 60, 61, 62, 63, 64 and 65. To the extent paragraphs 58-65 state legal conclusions, no response is required.

### count II:  Conspiracy To Deprive- Persons of Equal Protection of the Laws (42 U.S.C. § 1985(3))

59. President Clinton repeats and realleges his answers to the allegations appearing in paragraphs 1-65 as if fully set forth herein. President Clinton denies that he engaged in a conspiracy to deprive plaintiff of any constitutionally protected right, and therefore denies the allegations set forth in paragraphs 66, 67, 68 and 69. To the extent paragraphs 66-69 state legal conclusions, no response is required.

### Count III: Intentional Infliction of Emotional Distress

60.  President Clinton repeats and realleges his answers to the allegations appearing in paragraphs 1-69 as if fully set forth herein. President Clinton denies that he engaged in any improper conduct with respect to plaintiff or any conduct intended to or which he knew was likely to inflict emotional distress upon plaintiff, and therefore denies the allegation of paragraphs 70, 71, 72, 73 and 74. To the extent paragraphs 70-74 state legal conclusions, no response is required.

### Count IV: Defamation

61.  President Clinton repeats and realleges his answers to the allegation appearing in paragraphs 1-74 as if fully set forth herein. President Clinton denies that he defamed plaintiff in any respect, and therefore denies the allegations appearing in paragraphs 75, 76, 77, 78 and 79. To the extent paragraphs 75-79 state legal conclusions, no response is required.

62.  To the extent any allegation set forth in the Complaint is not specifically answered above, it is hereby denied.

### AS TO PLAINTIFF'S REQUEST FOR RELIEF

63.  President Clinton denies that plaintiff is entitled to any relief whatsoever in connection with the Complaint.

### AFFIRMATIVE DEFENSES

President Clinton alleges the following affirmative defenses to the allegations that he engaged in conduct violative of federal or state law.

**FIRST AFFIRMATIVE DEFENSE**

**64.** The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**65.** Plaintiff's cause of action for intentional infliction of emotional distress is time-barred.

THIRD **AFFIRMATIVE DEFENSE**

66. Plaintiff's defamation claim is **barred because,** even if the statements could properly be attributed to President Clinton, they are not defamatory.

**FOURTH AFFIRMATIVE DEFENSE**

**67.** Plaintiff's defamation **claim is** barredbecause, even if the statements could properly be attributed to President Clinton, they are true.

FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's defamation claim is barred because even if the statements could properly be attributed to President Clinton, they are privileged or protected by one or more immunities, including, but not limited to, the First and Fourteenth Amendments to the Constitution of the United States and the immunity doctrine established in Nixon v. Fitzgerald, 457 U.S. 731 (1982).

**SIXTH AFFIRMATIVE DEFENSE**

**69.** Plaintiff's claim that President Clinton is jointly and severally liable for the allegedly defamatory statements attributed to Trooper Danny Ferguson is barred as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred because she did not incur any injury or damages cognizable at law.

### EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiff's injuries and damages, if any, were caused by the acts of third persons, for which the President is not responsible.

### NINTH AFFIRMATIVE DEFENSE

72. Plaintiff's injuries and damages, if any, were caused by the acts of plaintiff and her representatives, for which the President is not responsible.

### TENTH AFFIRMATIVE DEFENSE

73. Plaintiff is not entitled to punitive damages under the applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff has failed to plead special damages with particularity as required by Federal Rule of Civil Procedure 9(g).

*   *   *

Wherefore, President Clinton respectfully requests that the Complaint be dismissed and that this Court enter judgment in his favor and grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Robert S. Bennett, Esq.
Carl S. Rauh, Esq.
Mitchell S. Ettinger, Esq.
Amy Sabrin, Esq.
Katharine S. Sexton, Esq.
Skadden, Arps, Slate, Meagher
  & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005-2111
(202) 371-7000

Kathlyn Graves, Esq.
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2200
Little Rock, Arkansas  72201-3699
(501) 371-0808

Stephen Engstrom, Esq.
Wilson, Engstrom, Corum, Dudley
  & Coulter
809 West Third Street
P.O. Box 71
Little Rock, Arkansas  72202
(501) 375-6453

Counsel to
President William J. Clinton

Dated:  July  3 , 1997

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 1997, I caused copies of the Answer of President William Jefferson Clinton to be served by overnight delivery on:

>Gilbert K. Davis, Esq.
>Gilbert K. Davis & Associates
>9524-C Lee Highway
>Fairfax, Virginia 22031
>
>Bill W. Bristow, Esq.
>216 East Washington
>Jonesboro, Arkansas 72401
>
>Joseph Cammarata, Esq.
>Cammarata & Grandinetti
>1725 K Street, N.W.
>Suite 1401
>Washington, D.C. 20006-1401

and by U. S. mail on:

>Daniel M. Traylor, Esq.
>900 West Third
>Little Rock, Arkansas 72201

*Kathlyn Graves* (signature)
Kathlyn Graves

r:pms1352.028

16